UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN MERHOLZ AND MELVYN KLEIN,
*Plaintiffs*,

v.

VINCENT K. MCMAHON, ET AL.,
*Defendants.*

No. 3:20-cv-557 (VAB)

**ORDER**

Ryan Merholz and Melvyn Klein ("Plaintiffs") have sued Vincent K. McMahon, Frank A. Riddick, III, Jeffrey R. Speed, Stuart U. Goldfarb, Laureen Ong, Paul Levesque, Robyn Peterson, Stephanie McMahon, Man Jit Singh, Alan M. Wexler, George A. Barrios, Michelle D. Wilson, and World Wrestling Entertainment, Inc. (collectively, "Defendants"), for breach of fiduciary duty to shareholders, waste of corporate assets, unjust enrichment, and violations of Sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10(b)-5. Am. Compl., ECF No. 7 (June 19, 2020). Defendants have moved to consolidate this case with two others: *Nordstrom v. McMahon*, 3:20-cv-00904 (VAB), and *Kooi v. McMahon*, 3:20-cv-00743 (VAB). Mot. to Consolidate Cases, ECF No. 12 (July 2, 2020).

For the following reasons, the motion to consolidate this case with *Nordstrom v. McMahon*, 3:20-cv-00904 and *Kooi v. McMahon*, 3:20-cv-00743 (VAB), ECF No. 12, is **DENIED** without prejudice to renewal following the resolution of any motions to dismiss. The Court further sets a schedule for the filing of any motions to dismiss, as well as a date for oral argument on any such motions.

Exercising the "inherent authority" of district courts "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), rather than consider consolidating this case with two others now, the Court concludes that it is prudent to address any motions to remand or to dismiss any of these cases, rather than consolidate them into a single one. If one or more of these cases are remanded or dismissed, then the nature of consolidation changes, making it premature to address that issue now.

Moreover, this Court also has the flexibility to address any motions to remand and dismiss together, rather than in a specific order. *See In re Facebook Inc. Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 155 (2d Cir. 2015) ("When a determination as to subject matter jurisdiction raises a difficult or novel question, the district court has discretion to decide certain threshold bases for dismissal without deciding whether it has subject matter jurisdiction."). As a result, the Court will address any motions to remand or to dismiss any of these cases in a single hearing, and the parties may consolidate any filings in any of the three cases in order to avoid any unnecessary duplication in the presentation of issues. *See, e.g.*, *PricewaterhouseCoopers LLP Health & Welfare Benefits Plan v. Mayer*, No. 3:18-cv-526 (VAB), 2019 WL 2329240, at *7 n.1 (D. Conn. May 31, 2019) (considering "Plaintiffs' Consolidated memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and in Response to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment"); *Labonia v. Doran Assocs., LLC*, No. 3:01-cv-2399 (MRK), 2004 WL 1921005, at *13 (D. Conn. Aug. 25, 2004) (considering "Consolidate[d] Brief in Opposition to Motions for Summary Judgment"). To the extent that the consolidation of any filings in these three cases requires leave to file a brief in excess of any page limits, the Court grants the parties such leave.

Consistent with the Court's recent order granting an extension of time to file a motion to dismiss, the Court therefore sets the following briefing schedule: any motions to dismiss shall be filed by **August 28, 2020**; any responses to any motions to remand or dismiss shall be filed by **September 18, 2020**, and any replies to any such responses shall be filed by **October 2, 2020**. Oral argument on any motions already filed or yet to be filed consistent with this Order will be argued on **October 15, 2020 at 10:00 a.m.**

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of August, 2020.

                                                   /s/ Victor A. Bolden
                                                   Victor A. Bolden
                                                   United States District Judge