# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MERHOLZ, and MELVYN KLEIN, Derivatively On Behalf Of WORLD WRESTLING ENTERTAINMENT, INC., | : : : : | CASE NO. 3:20-CV-00557-VAB |
| Plaintiffs, | : : | |
| v. | : : | |
| VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | : : : : : : : : : | |
| Defendants, | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Nominal Defendant. | : | |

| | | |
|---|---|---|
| DANIEL KOOI, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : : : : | CASE NO. 3:20-CV-00743-VAB |
| Plaintiff, | : : | |
| v. | : : | |
| VINCENT K. MCMAHON, FRANK A. RIDDICK III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON | : : : : : : : : : : | |
| Defendants. | : : | |
| WORLD WRESTLING ENTERTAINMENT, | : | |

| | |
|---|---|
| INC. | : |
| | : |
| Nominal Defendant. | : |

| | |
|---|---|
| RODNEY NORDSTROM, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : CASE NO. 3:20-CV-00904-VAB |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN, | : |
| | : |
| Defendants, | : |
| | : |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |
| | : |
| Nominal Defendant. | : NOVEMBER 18, 2020 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO BERNARD LEAVY'S NOTICE OF JOINDER IN DENNIS PALKON'S MOTION FOR PERMISSIVE INTERVENTION, APPOINTMENT OF LEAD COUNSEL, AND DENIAL OF DEFENDANTS' MOTIONS TO DISMISS AS MOOT**

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................................1

I. Leavy Has Not Formally Moved to Intervene As a Party in These Actions. .......................1

II. Even if Leavy Had Formally Moved to Intervene in These Actions, He Cannot
    Satisfy The Requirements For Intervention. ........................................................................2

    A. Leavy Has Not Filed a Proposed Pleading. .............................................................2

    B. Any Motion to Intervene Filed By Leavy Would Be Untimely. .............................4

    C. Leavy Would Lack Any Cognizable Interest to Intervene in This Action
       Because He Is Not The Real Party in Interest..........................................................6

    D. Leavy's Attempt to Join in Palkon's Motion to Intervene Is Futile. .......................7

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abramson v. Pennwood Investment Corp.*,
 392 F.2d 759 (2d Cir. 1968)...................................................................................................2

*In re Ambac Financial Group, Inc., Derivative Litigation*,
 257 F.R.D. 390 (S.D.N.Y. 2009) .............................................................................................6

*In re American Capital Agency Corp. Stockholder Derivative Litigation*,
 No. 16-cv-3215, 2017 WL 3311209 (D. Md. Aug. 2, 2017) ...................................................7

*In re Bank of New York Derivative Litigation*,
 320 F.3d 291 (2d Cir. 2003).....................................................................................................5

*California State Teachers' Retirement System v. Alvarez*,
 179 A.3d 824 (Del. 2018) ....................................................................................................6, 7

*Catanzano by Catanzano v. Wing*,
 103 F.3d 223 (2d Cir. 1996).....................................................................................................5

*In re Crimson Exploration Inc. Stockholder Litigation*,
 No. 8541, 2014 WL 5449419 (Del. Ch. Oct. 24, 2014)...........................................................8

*F5 Capital v. Pappas*,
 No. 14-9356, 2016 WL 900389 (S.D.N.Y. Feb. 17, 2016), *aff'd*,
 856 F.3d 61 (2d Cir. 2017).......................................................................................................9

*Farmland Dairies v. Commissioner of New York State Dep't of Agriculture & Markets*,
 847 F.2d 1038 (2d Cir. 1988)...................................................................................................5

*Floyd v. City of New York*,
 302 F.R.D. 69 (S.D.N.Y. 2014) ...............................................................................................6

*Floyd v. City of New York*,
 770 F.3d 1051 (2d Cir. 2014)...............................................................................................2, 6

*In re Freeport-McMoRan Copper & Gold Inc. Derivative Litigation*,
 No. 8145, 2013 WL 616296 (Del. Ch. Feb. 14, 2013) ............................................................3

*Horoshko v. Citibank, N.A.*,
 373 F.3d 248 (2d Cir. 2004).....................................................................................................8

*MasterCard International Inc. v. Visa International Service Ass'n, Inc.*,
 471 F.3d 377 (2d Cir. 2006)..................................................................................................1, 5

*In re Merrill Lynch & Co. Research Reports Securities Litigation*,
    No. 02-8472, 2008 WL 2594819 (S.D.N.Y. June 26, 2008) ...................................................... 8

*In re Montagne*,
    No. 08-10916, 2009 WL 32394 (Bankr. D. Vt. Jan. 5, 2009) .................................................... 2

*New York Life Insurance Co. v. Sahani*,
    730 F. App'x 45 (2d Cir. 2018) ................................................................................................ 8

*New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*,
    139 F.R.D. 291 (S.D.N.Y. 1991), *aff'd*, 972 F.2d 482 (2d Cir. 1992) ....................................... 4

*Peterson v. Islamic Republic of Iran*,
    No. 10-4518, 2018 WL 4691221 (S.D.N.Y. July 10, 2018) ..................................................... 1

*Pikor v. Cinerama Productions Corp.*,
    25 F.R.D. 92 (S.D.N.Y. 1960) ................................................................................................. 3

*Ross* v. *Bernhard*,
    396 U.S. 531 (1970) ................................................................................................................ 6

*Tachiona ex rel. Tachiona v. Mugabe*,
    186 F. Supp. 2d 383 (S.D.N.Y. 2002) ................................................................................. 3, 4

*Tummino v. Hamburg*,
    No. 12-CV-763, 2013 WL 3005554 (E.D.N.Y. Apr. 5, 2013) ................................................. 4

*United States v. Glens Falls Newspapers, Inc.*,
    160 F.3d 853 (2d Cir. 1998) .................................................................................................... 8

**Rules**

Fed. R. Civ. P. 24(c) ........................................................................................................................ 2

Rule 24 ............................................................................................................................................ 7

Nominal Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendants Vincent K. McMahon, George A. Barrios, Michelle D. Wilson, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, Patricia A. Gottesman (collectively, "Defendants") respectfully submit this Memorandum of Law in Opposition to Bernard Leavy's ("Leavy") Notice of Joinder, in Part, in Dennis Palkon's ("Palkon") Motion for Permissive Intervention, Appointment of Lead Counsel, and Denial of Defendants' Motions to Dismiss as Moot (the "Notice") (*Merholz* ECF No. 74; *Kooi* ECF No. 86; *Nordstrom* ECF No. 77).

## ARGUMENT

The Court should deny the relief requested by Leavy in his Notice because (1) Leavy has not formally moved to intervene as a party in these actions, and (2) even if Leavy had formally moved to intervene, he cannot satisfy the requirements for intervention.

### I. Leavy Has Not Formally Moved to Intervene As a Party in These Actions.

Leavy is not a party in these actions and has not formally moved to intervene as a party. Leavy merely seeks to "join in" Palkon's motion—he has not filed his own motion to intervene and does not even attempt to independently satisfy the requirements for intervention under Rule 24. Accordingly, Leavy lacks standing to raise the arguments in his Notice or to request any relief from this Court. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382 (2d Cir. 2006) ("Visa, as a non-party to the underlying action, should not have been allowed to file a motion to dismiss in the district court."); *Peterson v. Islamic Rep. of Iran*, No. 10-4518, 2018 WL 4691221, at *11 (S.D.N.Y. July 10, 2018) ("[I]t appears that Ray cannot pursue her application as a non-party. Ray has provided no authority for the proposition that the Court may consider her application without intervening. Nor am I aware of any such authority. Under

Second Circuit precedent, a non-party claiming an interest in a litigation and seeking relief from the Court must seek to intervene under Rule 24 of the Federal Rules of Civil Procedure."); *In re Montagne*, No. 08-10916, 2009 WL 32394, at *4 (Bankr. D. Vt. Jan. 5, 2009) ("Diane Montagne is not a party to this proceeding. She has not moved to intervene, and she therefore lacks standing to raise her arguments.").

**II.     Even if Leavy Had Formally Moved to Intervene in These Actions, He Cannot Satisfy The Requirements For Intervention.**

Even if Leavy had formally moved to intervene as a party in these actions, he cannot satisfy the requirements for intervention under Federal Rule of Civil Procedure 24.

A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "To be granted intervention as of right or by permission, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. We have underscored that a [f]ailure to satisfy *any one* of these four requirements is a sufficient ground to deny the application." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (internal quotation marks and citations omitted).

**A.     Leavy Has Not Filed a Proposed Pleading.**

Leavy has not filed a proposed pleading and therefore cannot satisfy the requirements for intervention under Rule 24(c). *See* Fed. R. Civ. P. 24(c) (providing that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought"); *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming denial of a shareholder's motion to intervene in a derivative action for "failure to file a pleading along with his motion papers" and agreeing that the proposed intervenor's "reference in his motion

papers to the allegations of the original complaint was insufficient to comply with the requirement of Rule 24(c)"); *Pikor v. Cinerama Prods. Corp.*, 25 F.R.D. 92, 96 (S.D.N.Y. 1960) (denying motion to intervene in a shareholder derivative action where the proposed intervenors failed to submit a verified complaint with their motion).

Leavy merely attaches his Section 220 complaint filed in Delaware that seeks to compel an inspection of WWE's books and records. (*Merholz* ECF No. 74 at Ex. A.) He has *not* included a proposed complaint that sets forth any claim for which he seeks intervention *in these shareholder derivative actions*. Indeed, Leavy admits in his Notice that "a derivative complaint is not forthcoming" and that he will not even decide whether to file such a complaint until he completes an inspection of WWE's books and records. (*Merholz* ECF No. 74 at 3 n.2.)

Leavy nevertheless urges the Court to simply "dispens[e] with the formal requirements of Rule 24(c) in these circumstances." (*Merholz* ECF No. 74 at 3 n.2.) But neither of the cases Leavy cites support his claim that this Court can simply disregard the requirements of the Federal Rules or controlling Second Circuit law. In *In re Freeport-McMoRan Copper & Gold Inc. Derivative Litigation*, No. 8145, 2013 WL 616296 (Del. Ch. Feb. 14, 2013), the movants filed a motion to intervene (opposed by lead plaintiffs) solely to appeal a Delaware state court's decision establishing a plaintiffs' leadership structure for the action. *Id.* at *1. The court excused the failure to file a complaint because, unlike here, "[t]he real dispute" at that stage of the litigation—with no motion to dismiss pending and with "pressing" questions as to the "[p]laintiffs' organizational structure"—was "not framed by the derivative complaint," but rather by the proposed intervenors' application concerning leadership of the lawsuit. *Id.* at *2. *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383 (S.D.N.Y. 2002) was not even a shareholder derivative action, and the Government was permitted to intervene in that case only

because its "position has been meticulously set forth in its Suggestion of Immunity and related briefs filed in conjunction with motion practice." *Id.* at 393 n.8. Here, Leavy has made *no attempt* to submit a proposed complaint or otherwise set forth the claims that he would assert if he were permitted to intervene as a party in these actions.

Instead, Leavy claims that he seeks to intervene solely "for the *limited purpose* of denying, as moot, the pending motions to dismiss until an operative complaint in the above-captioned actions is designated." (*Merholz* ECF No. 74 at 1) (emphasis added). But any attempt to intervene for that limited purpose is moot because this Court has already granted the motions to dismiss the above-captioned actions. (*Merholz* ECF No. 82.) And in any event, intervention for such limited purposes is not permitted by Rule 24. *See Tummino v. Hamburg*, No. 12-CV-763, 2013 WL 3005554, at \*2 (E.D.N.Y. Apr. 5, 2013) (holding that non-party's "motion to intervene 'for limited' purposes is plainly not allowed by the Rule" and "is fundamentally illogical because the purpose of intervention under Rule 24 is for the intervenor to 'come in as a party' in its own right, not to support one side or another"); *N.Y. News Inc. v. Newspaper & Mail Deliverers' Union of N.Y.*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991) ("[I]t is clear that the Federal Rules do not anticipate limited, 'special status' intervenors."), *aff'd*, 972 F.2d 482 (2d Cir. 1992).

### B. Any Motion to Intervene Filed By Leavy Would Be Untimely.

Leavy also cannot satisfy the requirements for intervention under Rule 24 because any motion to intervene filed by him would be untimely.

In determining whether a motion to intervene is untimely, courts consider "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a

finding of timeliness." *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988). "Among the most important factors in a timeliness decision is the length of time the applicant knew or should have known of his interest before making the motion." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (internal quotation marks and citation omitted).

Based on these factors, any motion to intervene filed by Leavy would be untimely. *First*, and most importantly, Leavy knew or should have known of his interest in these actions for *over six months* because the first shareholder derivative case (the *Merholz* case) was filed on April 24, 2020. Despite this knowledge, Leavy inexplicably waited *until September 28, 2020* to send a Section 220 demand to inspect WWE's books and records and then waited another month *until October 28, 2020* to file the Notice. (*Merholz* ECF No. 74 at 2.) *See MasterCard*, 471 F.3d at 390–91 (finding that a three to five month delay in filing until the eve of a preliminary injunction hearing was untimely). *Second*, Leavy's delay prejudices the existing parties because he did not file his Notice until well after the parties had completed briefing on the motions to dismiss and only a day before the Court held oral argument on those motions. *Third*, as explained below, Leavy would not be prejudiced by the denial of a motion to intervene because any such motion would be futile. *Fourth*, there are no other circumstances that would militate in favor of a finding of timeliness. Accordingly, any motion to intervene filed by Leavy would be untimely. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (upholding denial of motion to intervene as untimely in a shareholder derivative action where the proposed intervenor had "notice of this action for some time" and would not be prejudiced by such denial) (internal quotation marks and citation omitted).

### C. Leavy Would Lack Any Cognizable Interest to Intervene in This Action Because He Is Not The Real Party in Interest.

Intervention should be denied where the proposed intervenor lacks a cognizable interest in the litigation. To be cognizable, a proposed intervenor's interest must be "direct, substantial, and legally protectable." *Floyd*, 770 F.3d at 1060 (quotation marks omitted). At a minimum, the interest "must be based on a right which belongs to the ***proposed intervenor*** rather than to an ***existing party*** to the suit." *Floyd* v. *City of N.Y.*, 302 F.R.D. 69, 87 (S.D.N.Y. 2014) (emphasis added) (quoting *Vazman, S.A.* v. *Fidelity Int'l Bank*, 418 F. Supp. 1084, 1086 (S.D.N.Y. 1976)), *aff'd*, 770 F.3d 1051 (2d Cir. 2014). Assuming Leavy were to seek to file a derivative action, Leavy would have no such interest here because the real party in interest is WWE.

As the United States Supreme Court has long recognized, the corporation in a derivative action "is the real party in interest, the stockholder being at best the nominal plaintiff" because any potential recovery "belong[s] to the corporation." *Ross* v. *Bernhard*, 396 U.S. 531, 538 (1970); *see also, e.g.*, *In re Ambac Fin. Grp., Inc., Derivative Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) ("The true party in interest in a derivative action such as this one is the corporation[.]"). To the extent Leavy would have any interest in this action, it would be identical to that of the existing plaintiffs. *See, e.g.*, *Ambac*, 257 F.R.D. at 393 ("Plaintiffs and other shareholders who seek to join a derivative action as plaintiffs share an identity of interest almost by definition, since the true party in interest is the corporation itself."); *Cal. State Teachers' Ret. Sys.* v. *Alvarez*, 179 A.3d 824, 847 (Del. 2018) ("[D]iffering groups of stockholders who seek to control the corporation's cause of action share the same interest[.]").

Courts have thus denied motions to intervene on these grounds. In *In re Facebook Shareholder Derivative Privacy Litigation*, for example, a nonparty stockholder seeking to intervene argued—as Leavy suggests here—that he had a protectable interest in potentially

asserting more particularized claims because he, unlike plaintiffs, had made a books and records demand and because dismissal of the action with prejudice could have a preclusive effect on his own action. 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019). The court rejected this argument, finding that the proposed intervenor had no protectable interest because "[a]ny remedies resulting from the action 'belong to the corporation,'" not the stockholder. *Id.* (quoting *Ross*, 396 U.S. at 538); *see also In re Am. Capital Agency Corp. Stockholder Derivative Litig.*, No. 16-cv-3215, 2017 WL 3311209, at *3 (D. Md. Aug. 2, 2017) (expressing skepticism that "a shareholder-plaintiff's derivative interest on behalf of a corporation confers the type of interest that Rule 24 contemplates" and noting absence of authority supporting such a position). If Leavy formally moved to intervene, the same reasoning would apply here.

### D. Leavy's Attempt to Join in Palkon's Motion to Intervene Is Futile.

Leavy's attempt to "join in" Palkon's motion to intervene is also futile for the reasons set forth in Defendants' forthcoming opposition to Palkon's motion that will be filed on November 20, 2020, which Defendants incorporate by reference into this submission.

As Defendants will explain in their opposition to Palkon's motion, Palkon's motion to intervene should be denied on futility grounds because his proposed intervention complaint is legally insufficient. This Court has already dismissed the above-captioned actions because the "all three lawsuits fail to satisfy the demand futility requirement, and the *Merholz* lawsuit additionally fails for lack of standing." (*Merholz* ECF No. 82 at 3.) Palkon has an even higher burden to establish demand futility than the other Plaintiffs because WWE has added two additional independent directors since the complaints in those actions were filed—meaning that 9 of the 12 current members of the Board are independent. And even with the benefit of WWE's corporate books and records, Palkon's proposed complaint fails to meet his burden of pleading

demand futility and fails to state a claim for relief against Defendants. Indeed, Palkon's proposed complaint is *even more defective* than the complaints filed by the other Plaintiffs because the documents incorporated into the complaint from WWE's books and records directly refute—rather than support—his claims. *See In re Crimson Expl. Inc. Stockholder Litig.*, No. 8541, 2014 WL 5449419, at *29 (Del. Ch. Oct. 24, 2014) (denying shareholder's motion to intervene in a derivative action because the Section 220 information "only would add greater detail to arguments the Court already has rejected, without materially strengthening those arguments" and consideration of the Section 220 information "would not enable Plaintiffs or [proposed intervenor] to avoid dismissal"). Accordingly, any proposed complaint filed by Leavy with the benefit of those same books and records likewise would be futile. *See N.Y. Life Ins. Co. v. Sahani*, 730 F. App'x 45, 50 (2d Cir. 2018) (upholding district court's denial of motion to intervene "on the grounds of futility" because the proposed intervenor "asserted no viable claims"); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 854 (2d Cir. 1998) (upholding district court's denial of motion intervene on futility grounds); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02-8472, 2008 WL 2594819, at *4–5 (S.D.N.Y. June 26, 2008) ("Although legal futility is not mentioned in Rule 24, courts have held that futility is a proper basis for denying a motion to intervene.") (collecting cases).[1]

---

[1] For this same reason, Leavy's requested alternative relief that the existing derivative actions be dismissed with prejudice only as to Plaintiffs is not warranted. Such relief would force WWE—in whose interests Leavy purports to act—to waste resources litigating these same issues repeatedly and piecemeal. Neither Leavy nor Palkon provided any basis to conclude that they (or any other WWE stockholder) could cure Plaintiffs' deficient demand futility allegations based on the Section 220 documents. Courts have denied the same requested relief in the same circumstances. *See In re Crimson Expl.*, 2014 WL 5449419, at *28–29 (denying motion to intervene and dismissing stockholder class action with prejudice as to whole class because proposed intervenor's Section 220 information did not bring "something so compelling to the table" as to justify "dismissing the Complaint with prejudice only as to the existing [p]laintiffs"); *cf. Horoshko* v. *Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("[A]n amendment is not

## CONCLUSION

For the reasons set forth above and those in Defendants' forthcoming opposition to Palkon's motion to intervene, the Court should deny Leavy's request to join in Palkon's motion to intervene, deny all of the relief requested by Leavy in his Notice, and grant Defendants' motion to dismiss these actions with prejudice.

DEFENDANTS VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, PATRICIA A. GOTTESMAN, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By: */s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Theodore V. Wells *(pro hac vice)*
Daniel J. Kramer *(pro hac vice)*
Richard C. Tarlowe *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000

---

warranted absent some indication as to what appellants might add to their complaint in order to make it viable.") (internal quotation marks and citation omitted); *F5 Capital* v. *Pappas*, No. 14-9356, 2016 WL 900389, at *11 (S.D.N.Y. Feb. 17, 2016) ("Absent any identification of how a further amendment would improve upon the [c]omplaint, leave to amend must be denied as futile.") (internal quotation marks and citation omitted), *aff'd*, 856 F.3d 61 (2d Cir. 2017).

Fax: (212) 757-3990
Email: twells@paulweiss.com
Email: dkramer@paulweiss.com
Email: rtarlowe@paulweiss.com

Justin Anderson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7300
Email: janderson@paulweiss.com

Jerry S. McDevitt *(pro hac vice)*
Curtis B. Krasik *(pro hac vice)*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Stephen G. Topetzes (*pro hac vice*)
Theodore L. Kornobis (*pro hac vice*)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Phone: (202) 778-9000
Fax: (202) 778-9100
Email: stephen.topetzes@klgates.com
Email: ted.kornobis@klgates.com

## CERTIFICATION OF SERVICE

I hereby certify that, on November 18, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

     */s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)