# EXHIBIT 18

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

———————

# FORM 10- Q
———————

☒ **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the quarterly period ended March 31, 2018

or

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the transition period from _____ to _____

Commission file number 001-16131

# WORLD WRESTLING ENTERTAINMENT, INC.
*(Exact name of Registrant as specified in its charter)*

| **Delaware** | **04-2693383** |
|---|---|
| *(State or other jurisdiction of incorporation or organization)* | *(I.R.S. Employer Identification No.)* |

**1241 East Main Street**
**Stamford, CT 06902**
**(203) 352-8600**
*(Address, including zip code, and telephone number, including area code, of Registrant's principal executive offices)*

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15 (d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports) and (2) has been subject to such filing requirements for the past 90 days.  Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).  Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, smaller reporting company , or an emerging growth company . See definitions of "large accelerated filer," "accelerated filer," "smaller reporting company , " and "emerging growth company" in Rule 12b-2 of the Exchange Act. (Check one):

| Large accelerated filer ☒ | Accelerated filer ☐ | Non-accelerated filer ☐ | Smaller reporting company ☐ | Emerging growth company ☐ |
|---|---|---|---|---|

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).  Yes ☐   No ☒

At May 1 , 201 8 the number of shares outstanding of the Registrant's Class A common stock, pa r value $.01 per share, was 42,549,880 and the number of shares outstanding of the Registrant's Class B common stock, par value $.01 per share, was 34,609,438 .

**WORLD WRESTLING ENTERTAINMENT, INC.**

**NOTES TO CONSOLIDATED FINANCIAL STATEMENTS**
*(In thousands, except share data)*
*(Unaudited)*

and further alleges, among other things, that the plaintiffs were misclassified as independent contractors rather than employees denying them, among other things, rights and benefits under the Occupational Safety and Health Act (OSHA), the National Labor Relations Act (NLRA), the Family and Medical Leave Act (FMLA), federal tax law, and various state Worker's Compensation laws. This lawsuit also alleges that the booking contracts and other agreements between the plaintiffs and the Company are unconscionable and should be declared void, entitling the plaintiffs to certain damages relating to the Company's use of their intellectual property. The lawsuit alleges claims for violation of RICO, unjust enrichment, and an accounting against Mr. McMahon. The Company and Mr. McMahon moved to dismiss this complaint on October 19, 2016.  On November 9, 2016, the Laurinaitis plaintiffs filed an amended complaint. On December 23, 2016, the Company and Mr. McMahon moved to dismiss the amended complaint. On September 29, 2017, the Court issued an order on the motion to dismiss pending in the Laurinaitis case and on the motion for judgment on the pleadings pending in the Windham case. The Court reserved judgment on the pending motions and ordered that within thirty-five (35) days of the date of the order the Laurinaitis plaintiffs and the Windham defendants file amended pleadings that comply with the Federal Rules of Civil Procedure. The Court further ordered that each of the Laurinaitis plaintiffs and the Windham defendants submit to the Court for in camera review affidavits signed and sworn under penalty of perjury setting forth facts within each plaintiff's or declaratory judgment-defendant's personal knowledge that form the factual basis of their claim or defense. On November 3, 2017, the Laurinaitis plaintiffs filed a second amended complaint.  The Company and Mr. McMahon believe that the second amended complaint fails to comply with the Court's September 29, 2017 order and otherwise remains legally defective for all of the reasons set forth in their motion to dismiss the amended complaint. Also on November 3, 2017, the Windham defendants filed a second answer. The Company does not know if the Laurinaitis Plaintiffs and Windham Defendants submitted the affidavits required under the Court's September 29, 2017 order. On November 17, 2017, the Company and Mr. McMahon filed a response that, among other things, urged the Court to grant the motion for judgment on the pleadings against the Windham defendants and dismiss the Laurinaitis plaintiffs' complaint with prejudice and award sanctions against the Laurinaitis plaintiffs' counsel because the amended pleadings fail to comply with the Court's September 29, 2017 order and the Federal Rules of Civil Procedure. The Company believes all claims and threatened claims against the Company in these various lawsuits are being prompted by the same plaintiffs' lawyer and are without merit. The Company intends to continue to defend itself against these lawsuits vigorously.

In addition to the foregoing, from time to time we become a party to other lawsuits and claims. By its nature, the outcome of litigation is not known, but the Company does not currently expect this ordinary course litigation to have a material adverse effect on our financial condition, results of operations or liquidity.

**19. Subsequent Events**

On April 3 , 2018, the Company entered into a transaction with Alpha Entertainment LLC ("Alpha"), a n   entity controlled by Vincent K. McMahon , granting Alpha rights to launch a professional football league under the name "XFL". Alpha has announced that it expects that this launch will occur in early 2020. Under these agreements, WWE received, among other things, a minority equity interest in Alpha without payment by, or other financial obligation on the part of , WWE .

**SIGNAT URES**

P ursuant to the requirements of the Securities Exchange Act of 1934, the r egistrant has duly caused this report to be signed on its behalf by the undersigned, thereto duly authorized.

World Wrestling Entertainment, Inc.
(Registrant)

Dated:  May 3 , 201 8     By: /s/ GEORGE A. BARRIOS

George A. Barrios
*Co-President*
*(principal financial officer and authorized signatory)*

By: /s/ MARK KOWAL

Mark Kowal
*Chief Accounting Officer and*
*Senior Vice President, Controller*
*(principal accounting officer and authorized signatory)*