# EXHIBIT 29

## CONFIDENTIALITY AGREEMENT

**WHEREAS,** by letter dated May 6, 2020, Dennis Palkon (the "Stockholder") made a demand pursuant to 8 *Del.* C. § 220 (the "Demand") to inspect certain documents of World Wrestling Entertainment, Inc. (the "Company");

**WHEREAS,** the Stockholder appointed Robbins LLP, and its partners, associates, and employees ("Stockholder's Counsel"), as its attorney for purposes of the Demand; and

**WHEREAS,** Company is represented in connection with the Demand by the law Paul, Weiss, Rifkind, Wharton & Garrison LLP; and

**WHEREAS,** the documents sought by the Stockholder include non-public, confidential, proprietary or commercially-sensitive information of the Company;

**IT IS AGREED** by and between the undersigned counsel for the parties, as of the 24th day of September 2020, as follows:





13.     In the event that Stockholder or Stockholder's Counsel (on behalf of Stockholder) uses, or refers to, any information or documents produced by the Company in response to the Demand in any complaint, petition, or other court filing relating to the subject matter referenced in the Demand, then the documents and information that (a) the Company agrees to produce to Stockholder within the scope of the categories of documents and information that the Company has agreed to produce, and/or (b) may be ordered to produce to Stockholder in any Section 220 proceeding relating to the Demand shall be deemed incorporated by reference into the filing (the "Incorporation Condition").  Before the Incorporation Condition applies to the documents and information the Company agrees to produce, the Company's counsel shall provide the certification required by Paragraph 14; *provided*, *however*, that if Stockholder or Stockholder's Counsel files any complaint, petition, or other court filing relating to the subject matter referenced in the Demand, other than (x) a complaint pursuant to Section 220 or (y) a motion to intervene in a derivative action relating to the subject matter of the

Demand filed by a different purported stockholder of the Company in a jurisdiction outside of the State of Delaware for the limited purpose of staying such action, before (i) the Company has completed the production of all documents and information it agrees to produce and/or (ii) the time period for providing the certification required by Paragraph 14 has expired, then the Incorporation Condition shall automatically apply to the documents and information that the Company has produced pursuant to its agreement at the time of such filing.  This Paragraph 13 does not change the pleading standard applicable to any motion to dismiss filed in any plenary action relating to the subject matter of the Demand.

14.     Within five (5) business days of the final completion of the production of non-privileged documents that the Company agrees to produce voluntarily in response to the Demand, the Company's counsel will provide written confirmation that, to the best of its knowledge and following a reasonable investigation, the Company's production is complete with respect to every category of documents that the Company has agreed to produce. Notwithstanding anything in Paragraph 13 to the contrary, documents produced by the Company in response to the Demand or any amended or supplemental demand relating to the same subject matter as the Demand after the Stockholder files a plenary complaint relating to the same subject matter as the Demand will not be subject to incorporation by reference for purposes of any motion to dismiss that plenary complaint.



AGREED AND ACCEPTED:

**DENNIS PALKON**

**WORLD WRESTLING ENTERTAINMENT, INC.**

By: _____

By: _____

Gregory E. Del Gaizo, Esquire
Robbins LLP
5040 Shoreham Place
San Diego, CA 92122

Justin Anderson
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047

*Counsel for Dennis Palkon*

*Counsel for World Wrestling Entertainment, Inc.*

9