UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN MERHOLZ and MELVYN KLEIN, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                  Plaintiffs,<br><br>   v.<br><br>VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON,<br><br>                  Defendants,<br><br>   - and-<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                  Nominal Defendant. | Case No.: 3:20-cv-00557-VAB |
| DANIEL KOOI, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>                  Plaintiff,<br><br>   v.<br><br>VINCENT K. MCMAHON, FRANK A. RIDDICK, III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. | Case No.: 3:20-cv-00743-VAB |

[Caption Continued on Next Page]

| | |
|---|---|
| BARRIOS, and MICHELLE D. WILSON,<br><br>      Defendants,<br><br> -and-<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>      Nominal Defendant. | |
| RODNEY NORDSTROM, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN,<br><br>      Defendants,<br><br> -and-<br><br>WORLD WRESTLING ENTERTAINMENT, INC.,<br><br>      Nominal Defendant. | Case No. 3:20-cv-00904-VAB |

[Caption Continued on Next Page]

| | |
|---|---|
| RYAN B. MERHOLZ and NICHOLAS JIMENEZ, Derivatively on behalf Of WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, <br><br> Defendants, <br><br> -and- <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Nominal Defendant. | Case No. 3:21-cv-00789-VAB |
| JESSE REZENDES, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VINCENT K. MCMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, <br><br> Defendants, <br><br> -and- <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Nominal Defendant. | Case No. 3:21-cv-00793-VAB |

[Caption Continued on Next Page]

| | |
|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VINCENT K. MCMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON, <br><br> Defendants, <br><br> -and- <br><br> WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Nominal Defendant. | Case No. 3:21-cv-00930-VAB |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND
AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, stockholder derivative actions captioned *Merholz, et al. v. McMahon, et al.*, Case No. 3:20-cv-00557-VAB, *Kooi v. McMahon, et al.*, Case No. 3:20-cv-00743-VAB, *Nordstrom v. McMahon, et al.*, Case No. 3:20-cv-00904-VAB, *Merholz, et al. v. McMahon, et al.*, Case No. 3:21-cv-00789-VAB, *Rezendes v. McMahon, et al.*, Case No. 3:21-cv-00793-VAB, and *City of Pontiac Police and Fire Retirement System v. McMahon, et al.*, Case No. 3:21-cv- 00930-VAB (the "Federal Actions") are pending in this Court;

WHEREAS, stockholder derivative and books-and-record actions captioned *Leavy v. World Wrestling Entertainment, Inc.*, Case No. 2020-0907-KSJM, *Dastgir v. McMahon, et al.*, Case No. 2021-0513-LWW, and *Lowinger v. McMahon, et al.*, Case No. 2021-0656-LWW (the "Delaware Actions" and, together with the Federal Actions, the "Actions"), are pending in the Court of Chancery of the State of Delaware (the "Delaware Court");

WHEREAS, (i) plaintiffs in the Federal Actions and Delaware Actions: Ryan Merholz,

4

Melvyn Klein and/or his personal representative or Estate, Nicholas Jimenez, Rodney Nordstrom, Daniel Kooi, City of Pontiac Police and Fire Retirement System ("Pontiac Police & Fire"), Jesse Rezendes, Amer Dastgir, Bernard Leavy (who filed a books-and-records action), Robert Lowinger, and proposed intervenor Dennis Palkon ("Proposed Intervenor") (collectively, "Shareholders"), on behalf of nominal defendant World Wrestling Entertainment, Inc. ("WWE" or the "Company"); (ii) defendants in the Federal Actions and Delaware Actions: Vincent K. McMahon, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, George A. Barrios, Michelle D. Wilson, Patricia A. Gottesman, and nominal defendant WWE (collectively, "Defendants"); and (c) the demand review committee (the "DRC") established by the independent members of WWE's board of directors (the "Board") to review the pre-suit litigation demands submitted to the Board by Robert Lowinger, Rodney Nordstrom, Ryan Merholz, Nicholas Jimenez, Jesse Rezendes, and Pontiac Police & Fire (the "Litigation Demands") (Shareholders, Defendants, and the DRC, collectively, the "Parties"), have determined to settle the Federal Actions, the Delaware Actions, and the Litigation Demands (collectively, the "Claims") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 17, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Federal Plaintiffs and Proposed Intervenor have made a motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to holders of WWE common stock as of the date of entry of this Order ("Current WWE Shareholders"), as more fully described herein;

WHEREAS, the Court has read and considered: (i) Federal Plaintiffs' and Proposed Intervenor's motion for preliminary approval of the Settlement and authorization to provide notice of the Settlement to Current WWE Shareholders, and the papers filed and arguments made in

connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on **December 22, 2021 at 11:00 a.m**. by videoconference to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to WWE and its shareholders, and should be finally approved by the Court; (ii) whether a Judgment, substantially in the form attached as Exhibit E to the Stipulation, should be entered finally approving the Settlement and dismissing the Federal Actions with prejudice; (iii) whether the application by Shareholders' Counsel for an award of attorneys' fees and litigation expenses should be approved; and (iv) any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Current WWE Shareholders as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to WWE's shareholders and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to WWE's shareholders. The Court may decide to hold the Settlement Hearing by telephone or video conference without notice to WWE's shareholders. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the "Investor Relations" section of WWE's website. Any Current WWE Shareholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the "Investor Relations" section of

WWE's website for any change in date, time, or format of the hearing.

4.      **Manner of Giving Notice** – Not later than ten (10) business days after the date of entry of this Order, WWE shall: (i) cause the Stipulation and Notice, substantially in the form attached as Exhibit C to the Stipulation, to be filed with the United States Securities and Exchange Commission as an exhibit to a Form 8-K; (ii) post the Stipulation and Notice on the "Investor Relations" section of WWE's website through the Effective Date of the Settlement; and (iii) cause the Summary Notice, substantially in the form attached as Exhibit D to the Stipulation, to be published once as a WWE corporate press release. Not later than seven (7) calendar days before the Settlement Hearing, WWE shall serve on Federal Plaintiffs and Proposed Intervenor and file with the Court proof, by affidavit or declaration, of compliance with the notice requirements of this paragraph 4.

5.      **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Notice, and finds that notice of the Settlement in the manner and form set forth in paragraph 4 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current WWE Shareholders of the pendency of the Actions, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Shareholders' Counsel's motion for an award of attorneys' fees and litigation expenses, of their right to object to the Settlement and/or Shareholders' Counsel's motion for attorneys' fees and litigation expenses, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of theproposed Settlement; and (iii) satisfies the requirements of Rule 23.1 of the Federal Rules ofCivil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice before it is furnished to Current WWE Shareholders.

6. **Appearance and Objections at Settlement Hearing** – Any Current WWE Shareholder may enter an appearance in the Federal Actions, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Representative Shareholders' Counsel, Defendants' Counsel, and DRC Counsel, at the addresses set forth in paragraph 7 below, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing, or as the Court may otherwise direct. Any Current WWE Shareholder who or which does not enter an appearance shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing.

7. Any Current WWE Shareholder may file a written objection to the proposed Settlement and/or Shareholders' Counsel's motion for attorneys' fees and litigation expenses and appear and show cause, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, if he, she, or it has any cause, why the proposed Settlement and/or Shareholders' Counsel's motion for attorneys' fees and litigation expenses should not be approved; *provided, however*, that no Current WWE Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the motion forattorneys' fees and litigation expenses unless that person or entity has filed a written objection with the Clerk of Court and served copies of such objection both by U.S. Mail and e-mail on Representative Shareholders' Counsel, Defendants' Counsel, and DRC Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days before the Settlement Hearing.

| **Representative Shareholders' Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>Mark Lebovitch, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Markl@blbglaw.com | Paul, Weiss, Rifkind, Wharton<br>& Garrison LLP<br>Daniel J. Kramer, Esq.<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>dkramer@paulweiss.com |
| Robbins LLP<br>Gregory E. Del Gaizo, Esq.<br>5040 Shoreham Place<br>San Diego, CA 92122<br>gdelgaizo@robbinsllp.com | Justin Anderson, Esq.<br>2001 K Street, NW<br>Washington, DC 20006-0047<br>janderson@paulweiss.com |
| | Matthew D. Stachel, Esq.<br>500 Delaware Avenue, Suite 200<br>P.O. Box 32<br>Wilmington, DE 19899-0032<br>mstachel@paulweiss.com |

**DRC Counsel**

Simpson Thacher & Bartlett LLP
Paul Curnin, Esq.
Elizabeth Wilkerson, Esq.
425 Lexington Avenue
New York, NY 10017
pcurnin@stblaw.com
elizabeth.wilkerson@stblaw.com

8. Any objections, filings, and other submissions by the objecting Current WWE Shareholder must identify the case name and civil action number for the following Federal Action: "*Merholz, et al. v. McMahon, et al.*, Case No. 3:20-cv-00557-VAB," and they must: (i) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (ii) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; and (iii) include documentation sufficient to prove that the objector owned shares of WWE common stock as of the close of trading on the date of entry of this Order. Documentation establishing ownership of WWE common stock must consist of copies of a monthly brokerage account statement, or an authorized statement from the objector's broker containing the information found in an account statement.

9. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

10. Any Current WWE Shareholder who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement or Shareholders' Counsel's motion for attorneys' fees and litigation expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement or the requested attorneys'

fees and litigation expenses in this or any other proceeding.

11. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Federal Actions other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the commencement or prosecutionof (i) any action asserting any Released Shareholders' Claims against any of the Released Defendants' Persons; and (ii) any action asserting any Released Defendants' Claims against any of the Released Shareholders' Persons.

12. **Notice Costs** – The Company (or its successor-in-interest) or its insurers shall assume and pay all costs (including any related fees) of providing notice of the Settlement as ordered herein, regardless of whether the Court finally approves the Settlement or the Effective Date otherwise fails to occur, and in no event shall Shareholders or Shareholders' Counsel be responsible for such notice costs.

13. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Parties or WWE shareholders, and the Parties shall revert to their respective positions in the Claims as of immediately before the execution of the Term Sheet on August 16, 2021, as provided in the Stipulation.

14. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with this Order, the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

        (i)    shall be offered against any of the Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Persons with respect to the truth of any fact alleged by Shareholders or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Claims or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Persons or in any way referred to for any other reason as against any of theReleased Defendants' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; or

        (ii)    shall be offered against any of the Released Shareholders' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Shareholders' Persons that any of their claims are without merit, that any of the Released Defendants' Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Shareholders' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; *provided, however*, that if the Stipulation is finally approved by the Court, the Parties, the Released Persons, and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Settlement.

15.    **Supporting Papers** – Federal Plaintiffs and Proposed Intervenor shall file and serve the opening papers in support of the proposed Settlement and Shareholders' Counsel's motion for attorneys' fees and litigation expenses no later than thirty-five (35) calendar days before the Settlement Hearing; and reply papers, if any, shall be filed and served no later than

12

seven (7) calendar days before the Settlement Hearing.

16. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED at Bridgeport, Connecticut, this 20th day of October, 2021.

       /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE