**Exhibit E**

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN MERHOLZ and MELVYN KLEIN, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC., | Case No.: 3:20-cv-00557-VAB |
| Plaintiffs, | |
| v. | |
| VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | |
| Defendants, | |
| -and- | |
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| Nominal Defendant. | |
| DANIEL KOOI, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC., | Case No.: 3:20-cv-00743-VAB |
| Plaintiff, | |
| v. | |
| VINCENT K. MCMAHON, FRANK A. RIDDICK, III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. | |

[Caption Continued on Next Page]

BARRIOS, and MICHELLE D. WILSON,

                              Defendants,

      -and-

WORLD WRESTLING ENTERTAINMENT,
INC.,

                              Nominal Defendant.

---

RODNEY NORDSTROM, Derivatively on Behalf of
WORLD WRESTLING ENTERTAINMENT,
INC.,

                              Plaintiff,

      v.

VINCENT K. MCMAHON, GEORGE A.
BARRIOS, MICHELLE D. WILSON,
STEPHANIE MCMAHON, PAUL LEVESQUE,
FRANK A. RIDDICK III, STUART U. GOLDFARB,
LAUREEN ONG, ROBYN W. PETERSON, MAN
JIT SINGH, JEFFREY R. SPEED, ALAN M.
WEXLER, and PATRICIA A. GOTTESMAN,

                              Defendants,

      -and-

WORLD WRESTLING ENTERTAINMENT,
INC.,

                              Nominal Defendant.

Case No. 3:20-cv-00904-VAB

[Caption Continued on Next Page]

| | |
|---|---|
| RYAN B. MERHOLZ and NICHOLAS JIMENEZ, Derivatively On behalf Of WORLD WRESTLING ENTERTAINMENT, INC., | Case No. 3:21-cv-00789-VAB |

Plaintiffs,

v.

VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK, III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON,

Defendants,

-and-

WORLD WRESTLING ENTERTAINMENT, INC.,

Nominal Defendant.

| | |
|---|---|
| JESSE REZENDES, Derivatively on Behalf of WORLD WRESTLING ENTERTAINMENT, INC., | Case No. 3:21-cv-00793-VAB |

Plaintiff,

v.

VINCENT K. MCMAHON, GEORGE A. BARRIOS, and MICHELLE D. WILSON,

Defendants,

-and-

WORLD WRESTLING ENTERTAINMENT, INC.,

Nominal Defendant

[Caption Continued on Next Page]

CITY OF PONTIAC POLICE AND FIRE
RETIREMENT SYSTEM, derivatively on behalf of
WORLD WRESTLING ENTERTAINMENT, INC.,

              Plaintiff,

   v.

VINCENT K. MCMAHON, GEORGE A. BARRIOS,
and MICHELLE D. WILSON,

              Defendants,

   -and-

WORLD WRESTLING ENTERTAINMENT, INC.,

              Nominal Defendant.

Case No. 3:21-cv-00930-VAB

## [PROPOSED] ORDER AND FINAL JUDGMENT
## APPROVING SETTLEMENT OF DERIVATIVE ACTIONS

WHEREAS, stockholder derivative actions captioned *Merholz, et al. v. McMahon, et al.*, Case No. 3:20-cv-00557-VAB, *Kooi v. McMahon, et al.*, Case No. 3:20-cv-00743-VAB, *Nordstrom v. McMahon, et al.*, Case No. 3:20-cv-00904-VAB, *Merholz, et al. v. McMahon, et al.*, Case No. 3:21-cv-00789-VAB, *Rezendes v. McMahon, et al.*, Case No. 3:21-cv-00793-VAB, and *City of Pontiac Police and Fire Retirement System v. McMahon, et al.*, Case No. 3:21-cv-00930-VAB (the "Federal Actions") are pending in this Court;

WHEREAS, stockholder derivative and books-and-record actions captioned *Leavy v. World Wrestling Entertainment, Inc.*, Case No. 2020-0907-KSJM, *Dastgir v. McMahon, et al.*, Case No. 2021-0513-LWW, and *Lowinger v. McMahon, et al.*, Case No. 2021-0656-LWW (the "Delaware Actions" and, together with the Federal Actions, the "Actions"), are pending in the Court of Chancery of the State of Delaware (the "Delaware Court");

WHEREAS, (i) plaintiffs in the Federal Actions and Delaware Actions: Ryan Merholz, Melvyn Klein and/or his personal representative or Estate, Nicholas Jimenez, Rodney Nordstrom, Daniel Kooi, City of Pontiac Police and Fire Retirement System ("Pontiac Police & Fire"), Jesse Rezendes, Amer Dastgir, Bernard Leavy (who filed a books-and-records action), Robert Lowinger, and Proposed Intervenor Dennis Palkon (collectively, "Shareholders"), on behalf of nominal defendant World Wrestling Entertainment, Inc. ("WWE" or the "Company"); (ii) defendants in the Federal Actions and Delaware Actions: Vincent K. McMahon, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, George A. Barrios, Michelle D. Wilson, Patricia A. Gottesman, and nominal defendant WWE (collectively, "Defendants"); and (c) the demand review committee (the "DRC") established by the independent members of WWE's board of directors (the "Board") to review the pre-suit litigation demands submitted to the Board by Robert Lowinger, Rodney Nordstrom, Ryan Merholz, Nicholas Jimenez, Jesse Rezendes, and Pontiac Police & Fire (the "Litigation Demands") (Shareholders, Defendants, and the DRC, collectively, the "Parties"), have determined to settle the Federal Actions, the Delaware Actions, and the Litigation Demands (collectively, the "Claims") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 17, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated October 20, 2021 (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the proposed Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Hearing to be conducted before the Court; (ii) ordered

that notice of the proposed Settlement be provided to holders of WWE common stock as of the date of entry of the Preliminary Approval Order ("Current WWE Shareholders"); (iii) provided Current WWE Shareholders with the opportunity to object to the proposed Settlement and Shareholders' Counsel's application for an award of attorneys' fees and litigation expenses; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to Current WWE Shareholders;

WHEREAS, the Court conducted a hearing on December 22, 2021 (the "Settlement Hearing"), to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the WWE and its shareholders, and should therefore be finally approved by the Court; (ii) whether a judgment should be entered dismissing the Federal Actions with prejudice; and (iii) whether the application by Shareholders' Counsel for an award of attorneys' fees and litigation expenses should be approved; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Federal Actions, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Federal Actions, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and all WWE shareholders.

2.     **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on September 20, 2021; and (b) the Notice and Summary Notice, which were filed with the Court on September 20, 2021.

3.      **Notice** – The Court finds that the form and manner of providing the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Current WWE Shareholders of the pendency of the Claims, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Shareholders' Counsel's motion for an award of attorneys' fees and litigation expenses, of their right to object to the Settlement and/or Shareholders' Counsel's motion for attorneys' fees and litigation expenses, and of their right to appear at the Settlement Hearing; (iii) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the Settlement consideration, the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Federal Actions), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to WWE and its shareholders. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.      The Federal Actions are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Parties and WWE shareholders, as well as their respective successors and assigns.

7.      **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(i)      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Shareholders on behalf of themselves and, by operation of law, representatively on behalf of WWE and all of its shareholders in their capacity as shareholders (together with Shareholders, "Shareholders' Releasors") shall release, and Shareholders' Releasors shall forever be barred and enjoined from prosecuting, any and all Released Shareholders' Claims against the Released Defendants' Persons.

(ii)      Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants and the DRC, on behalf of themselves and, by operation of law, representatively on behalf of the other Released Defendants' Persons (together with Defendants and the DRC, "Defendants' Releasors") shall release, and Defendants' Releasors shall forever be barred and enjoined from prosecuting, any and all Released Defendants' Claims against the Released Shareholders' Persons.

8.      Notwithstanding paragraphs 7(i) – (ii) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.      **Rule 11 Findings** – The Court finds and concludes that the Shareholders, Defendants, and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Actions.

10.     **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with this Judgment, the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(i)     shall be offered against any of the Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Persons with respect to the truth of any fact alleged by Shareholders or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Claims or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Persons or in any way referred to for any other reason as against any of the Released Defendants' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; or

(ii)    shall be offered against any of the Released Shareholders' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Shareholders' Persons that any of their claims are without merit, that any of the Released Defendants' Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Shareholders' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; *provided, however*, that the Parties, the Released Persons, and their respective

counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted under this Judgment and the Stipulation or otherwise to enforce the terms of the Settlement.

11.     **Award of Attorneys' Fees and Expenses**:  Shareholders' Counsel are hereby awarded attorneys' fees and litigation expenses in the total amount of $3,650,000 (the "Fee and Expense Award"), which sum the Court finds to be fair and reasonable.  WWE shall cause its insurers to pay the full amount of the Fee and Expense Award in accordance with the terms of the Stipulation.

12.     No proceedings or court order with respect to the award of attorneys' fees and litigation expenses to Shareholders' Counsel, shall in any way disturb or affect this Judgment (including precluding this Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way,  this Court retains continuing and exclusive jurisdiction over the Parties and WWE shareholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

14.     **Modification of the Agreement of Settlement** – Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of WWE or its shareholders in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties or WWE shareholders, and Shareholders, Defendants, and the DRC shall revert to their respective positions in the Claims as of immediately prior to the execution of the Term Sheet on August 16, 2021, as provided in the Stipulation.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Victor A. Bolden
United States District Judge

1550347